UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| JOSHUA ROBERT LYONS, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 2:19-CV-138-TAV-MCLC |
| | ) | |
| TENNESSEE DEPARTMENT | ) | |
| OF CORRECTION, | ) | |
| CPL. DAVID PATTERSON, and | ) | |
| TINA ENNIS, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

On May 29, 2019, Plaintiff, a prisoner, and his cellmate were taken to a disciplinary hearing where they learned that jail officials had discovered and seized materials from their cell believed to be associated with the security threat group the Aryan Nation [Doc. 2-1 p. 5]. Plaintiff specifically lists the seized materials as a written copy of the Odinist/Asatru "The Elder Futhark," which he states is "approved by federal law as required material directly related to my faith which is listed on my record as Odinist," and written copies of "Robert Greene's 48 Laws of Power" which he states is "also approved on the mailing list for all inmates" [*Id.*].

Jail officials told Plaintiff and his cellmate that if one of them did not take responsibility for the seized materials, both would be punished [Doc. 2-1 p. 5]. At the disciplinary hearing, Plaintiff contested Defendant Patterson's characterization of the seized documents as associated with a security threat group as an error [*Id.* at 5–6]. After

discussions with his advisors,[1] however, Plaintiff ultimately accepted responsibility for the material by pleading guilty to possession thereof after being advised that if he did so, he would not lose the ability to participate in a "parole-mandated technical violators diversion program" and his custody level would not change [*Id.* at 6]. Despite this advice, however, after his guilty plea, Plaintiff's custody level was raised to medium and he is no longer able to go to the technical violators diversion program, and Plaintiff asserts that this amounts to discrimination against him based upon his religion in violation of his constitutional rights and Tennessee Department of Correction ("TDOC") policies [*Id.* at 6–7].

Plaintiff has sued the Tennessee Department of Correction, Corporal David Patterson, and Tina Ennis [Doc. 2 p. 3]. As relief, Plaintiff seeks a return to minimum custody, to resume his Tennessee violators diversion program, dismissal of the disciplinary report and resulting "stg" confirmation, and compensatory damages [*Id.* at 4].

**I.      STANDARD**

Under the Prison Litigation Reform Act, district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard the Supreme Court articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals

---

[1] One of Plaintiff's advisors was an inmate who also possessed a copy of the "48 Laws of Power" [Doc. 2-1 p. 6].

for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A]" *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial PLRA review, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. 42 U.S.C. § 1983; *Polk County v. Dodson*, 454 U.S. 312, 315 (1981). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

## II. ANALYSIS

Plaintiff relies on a grievance that he attached to his complaint to set forth his § 1983 claims and asserts that the facts therein allege a violation the Religious Land Use and Institutionalized Person Act ("RLUIPA"), 42 U.S.C. § 2000cc(1)–(2)[2] [Doc. 2 p. 3; Doc. 2-1]. In the incorporated grievance, Plaintiff cites Title VI of the Civil Rights Act of 1964, which prohibits discrimination based on race, color, and national origin [Doc. 2-1 p. 6–7]. Title VI does not prohibit discrimination based on religion and such claims by prisoners are cognizable under § 1983, *Barhite v. Caruso*, 377 Fed. App'x 508, 511 (6th Cir. 2010), however. Accordingly, the Court liberally construes the complaint as asserting that the disciplinary incident underlying Plaintiff's grievance violated Plaintiff's right to Equal

---

[2] While Plaintiff cited "U.S.C. 42–2000bb-1," that section of Title 42 concerns "Congressional findings and declaration of purposes." Accordingly, it appears that Plaintiff intended to cite 42 U.S.C. § 2000cc(1)–(2), which sets forth RLUIPA.

3

Protection under the law, his First Amendment right to free exercise of his religion, and RLUIPA.[3] The Court will first address the sufficiency of Plaintiff's complaint as to Defendants TDOC and Ennis before reaching the sufficiency of Plaintiff's allegations in support of these claims as to Defendant Patterson, however.

### A. Defendants TDOC and Ennis

First, as to Defendant TDOC, nothing in Plaintiff's complaint allows the Court to plausibly infer that a custom or policy of TDOC caused the alleged violations of his constitutional rights. Rather, Plaintiff alleges that the charge against him for possessing the seized materials and the resulting punishment were based on an erroneous characterization of the materials as promoting the "Aryan Nation" when the materials were permissible religious materials for prisoners. As such, the complaint fails to state a claim upon which relief may be granted under § 1983 as to Defendant TDOC. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (holding that a municipality may not be liable under § 1983 through a *respondeat superior* theory, but may be responsible for an alleged

---

[3] To the extent that Plaintiff challenges his disciplinary conviction because it will extend the length of his confinement, that claim is not cognizable under § 1983. *See Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) (finding that an inmate's "§ 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration"); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997). Likewise, to the extent that Plaintiff seeks relief based on a violation of TDOC policies as alleged in his grievance, that claim is not cognizable under § 1983. *Stanley v. Vining*, 602 F.3d 767, 769 (6th Cir. 2010) (holding that "[i]t has been long established that the violation of a state statute or regulation is insufficient alone to make a claim cognizable under § 1983").

constitutional deprivation if there is a direct causal link between a policy or custom of the entity and the alleged constitutional violation).

Also, Plaintiff's complaint contains no factual allegations from which the Court can plausibly infer that Defendant Ennis was personally involved in any violation of Plaintiff's constitutional rights. As such, the complaint likewise fails to state a claim upon which relief may be granted as to her. *Frazier v. Michigan,* 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted under § 1983).

## B. Equal Protection

Next, while Plaintiff states that Defendant Patterson drafted the disciplinary report against him and attended the disciplinary hearing at which Plaintiff pleaded guilty to the charge against him, Plaintiff has not set forth any facts from which the Court can plausibly infer that Defendant Patterson treated Plaintiff differently than similarly situated classes of inmates in a manner that "bears no rational relation to any legitimate penal interest" as required to state a claim for a violation of his right to Equal Protection against Defendant Patterson. *Barhite v. Caruso*, 377 Fed. App'x 508, 511 (May 4, 2010).

Specifically, it appears from the totality of Plaintiff's complaint that Defendant Patterson and others, including Plaintiff's advisors, believed that Plaintiff would be found guilty of possession of materials associated with a security threat group, and that Plaintiff therefore pled guilty to that violation. It is apparent that Plaintiff disagrees with the

5

characterization of his seized materials as associated with a security threat group and therefore claims that the charges and/or discipline against him resulted from religious discrimination, but nothing in the complaint suggests that Defendant Patterson treated Asatru Odinists, like Plaintiff, in possession of such materials differently than he treated other prisoner groups who possessed the same or similar materials that Defendant Patterson believed were associated with a security threat group. Although Plaintiff s that his inmate advisor at the hearing also possessed a copy of the "48 Laws of Power," he does not allege that this advisor possessed multiple copies of this publication or also possessed the "Elder Futhark," as Plaintiff did, nor does Plaintiff set forth facts from which the Court can plausibly infer that this prisoner advisor was part of any group that Defendant Patterson treats differently than he treated Plaintiff or other Odinists in possession of the same materials.[4]

Accordingly, Plaintiff's conclusory assertion that the disciplinary charge against him and/or the resulting punishment was based on religious discrimination is not sufficient to state a claim for violation of Plaintiff's right to Equal Protection upon which relief may be granted under § 1983. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) (holding that formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief).

---

[4] Notably, it appears from the totality of the complaint that this advisor also advised Plaintiff to plead guilty to the disciplinary violation of possession of security threat group materials [Doc. 2-1 p. 6 (stating that "after careful discussion with my advisors I was told that regardless of my innocence this was going to be a lose/lose result and both myself and Mr. Davis would be found guilty")].

### C. First Amendment and RLUIPA

Next, to the extent Plaintiff alleges that Defendant Patterson's seizure of the materials at issue caused a violation of his ability to freely exercise his religion, a prisoner retains his First Amendment rights that "are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system," including the right to free exercise of religion. *Pell v. Procunier*, 417 U.S. 817, 822 (1974); *Barhite*, 377 Fed. App'x at 310. In evaluating whether a prisoner complaint states a claim for violation his right to free exercise of religion, the district court must first determine if the prisoner has shown that his religious beliefs are sincerely held and may only reach the issue of whether a restriction is valid where the plaintiff does so. *Barhite*, 377 Fed. App'x at 510. Where a prison regulation "place[s] a substantial burden on the observation of a central religious belief or practice," it is valid only if "a compelling government interest justifies the burden." *Hernandez v. C.I.R.*, 490 U.S. 680, 699 (1989).

Prisoners also have the right to freely exercise their religion under RLUIPA, which provides that the government cannot substantially burden a prisoner's exercise of his religion without a "'compelling government interest'" and, even then, must do so in a manner that furthers the government's interest through the "'least restrictive means.'" *Barhite*, 377 Fed. App'x at 511 (quoting 42 U.S.C. § 2000cc(1)–(2)). An action substantially burdens a prisoner's exercise of his religion where it "force[s] an individual to choose between 'following the precepts of [his] religion and forfeiting benefits'" or when the action in question placed 'substantial pressure on an adherent to modify his

behavior and to violate his beliefs.'" *Barhite,* 377 Fed. App'x at 511 (quoting *Living Water Church of God v. Charter Twp. of Meridian,* 258 Fed. App'x 729, 734 (6th Cir. 2007) (quoting *Sherbert v. Verner,* 374 U.S. 398, 404 (1963), and *Thomas v. Review Bd. of Ind. Emp't Sec. Div.,* 450 U.S. 707, 717–18 (1981))).

Even if the Court assumes without finding that Plaintiff's religious beliefs are sincere, Plaintiff again has not set forth any facts to support his claim that his lack of these materials or the seizure thereof has burdened his ability to follow or practice his religion. Specifically, while Plaintiff states that the "Elder Futhark . . . is approved by federal law as required material directly related to my faith which is listed on my record as Odinist," that the "48 Laws of Power" is a document that inmates are also allowed to have, and that he now "is unable to practice his federally approved religion without penalty from institutional officials" no facts in the complaint or grievance support this conclusion. As such, Plaintiff's allegations in support of his First Amendment and RLUIPA claims are conclusory and do not state a claim upon which relief may be granted under § 1983. *Iqbal*, 556 U.S. at 681.

### III. CONCLUSION

For the reasons set forth above, even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983. Accordingly, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A).

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. See Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

**ENTER:**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE